UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SALVADOR SANCHEZ,
on behalf of himself and all others
similarly situated,

                                Plaintiff,                      **COMPLAINT**

          - against -                          **FLSA COLLECTIVE**

ALLWOOD CONSTRUCTION INC.
and GOTHAM DRYWALL INC.
and NIALL ROONEY and JOHN
FITZPATRICK, individually,

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff Salvador Sanchez ("Sanchez" or "Plaintiff"), by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Allwood Construction Inc. ("Allwood") and Gotham Drywall Inc. ("Gotham") (collectively the "Defendant Corporations") and Niall Rooney and John Fitzpatrick, individually, (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of unpaid overtime provisions of the FLSA by Defendants.

2. Plaintiff and the collective class worked as a finish carpenter at Allwood Construction Inc. and Gotham Drywall Inc., construction companies owned, controlled and operated by Niall Rooney and John Fitzpatrick, respectively.

3. Plaintiff also brings this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Manhattan, New York.

9. Plaintiff worked at Defendant Corporations from on or about September 2018 until on or about June 2019.

10. Plaintiff was employed by Defendant Corporations as a finish carpenter. Plaintiff trimmed wooden and plastic structures and ornaments and completed final details for construction projects. He also installed structures and fixtures in bathrooms and kitchens, such as windows, doors, cabinets, and molding. He finished rough edges and made final adjustments.

11. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

**Allwood Construction Inc.**

12. Allwood is a construction business incorporated in the State of New York, with its DOS Process address listed as 21 Fenway South, Yonkers, New York 10704 on the NYS Department of State Division of Corporations database.

13. Allwood provided and continues to provide construction services as both a contractor and as a subcontractor of Gotham on numerous constructions projects in New York City and Brooklyn.

14. Upon information and belief, Niall Rooney is the President and Chief Executive Officer of Allwood.

15. On information and belief, Allwood Construction Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Gotham Drywall Inc.**

16. Gotham is a construction business incorporated in the State of New York, with its DOS Process address listed as 220 India Street, Brooklyn, NY 11222 on the NYS Department of State Division of Corporations database.

17. Gotham provided and continues to provide construction services as a contractor on numerous construction projects in New York City and Brooklyn.

18. Upon information and belief, John Fitzpatrick is the President and Chief Executive Officer of Gotham.

19. On information and belief, Gotham Drywall Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Niall Rooney**

20. Upon information and belief, Niall Rooney maintains control, oversight and the direction of Allwood.

21. Defendant Rooney is a person engaged in business in Kings County, Westchester County, and New York County, who is sued individually in his capacity as an owner, officer and/or agent of Allwood.

22. Defendant Rooney exercises sufficient control over Allwood to be considered Plaintiff's employer under the NYLL, and at all times material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at Allwood.

23. Defendant Rooney employed Plaintiff at all times relevant.

24. Defendant Rooney had substantial control over Plaintiff's working conditions and practices alleged herein.

**John Fitzpatrick**

25. Upon information and belief, John Fitzpatrick maintains control, oversight and the direction of Gotham.

26. Defendant Fitzpatrick is a person engaged in business in Kings County, Queens County, and New York County, who is sued individually in his capacity as an owner, officer and/or agent of Gotham.

27. Defendant Fitzpatrick exercises sufficient control over Gotham to be considered Plaintiff's employer under the NYLL.

## FACTS

**Plaintiff Salvador Sanchez's Employment with Defendants**

28. Plaintiff worked as a finish carpenter for Defendants from on or about September 2018 through June 2019.

29. Plaintiff's job duties were trimming wooden and plastic structures and ornaments and completing final details for construction projects. He also installed structures and fixtures in bathrooms and kitchens, such as windows, doors, cabinets and molding.

30. Plaintiff worked on various construction projects in Manhattan and Brooklyn on behalf of Defendants.

31. At the beginning of Plaintiff's employment for Defendants, he worked for Defendants at projects that located at 86th Street and Lexington and 46th Street and 6th Avenue in Manhattan. For the majority of Plaintiff's employment with Defendants, he worked at a project located at 189 Montague St. in Brooklyn.

32. Plaintiff's direct supervisor was Defendant Niall Rooney.

33. Throughout his employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

34. Throughout his employment with Defendants, Plaintiff worked 6 days a week, from Monday through Saturday.

35. Plaintiff usually worked from 7:00 a.m. to 3:30 pm each day.

36. Throughout his employment with Defendants, Plaintiff received 30-minute lunch breaks each day.

37. Plaintiff usually worked at least 48 hours per week.

38. However, Plaintiff was often required to work until 5:30 pm or 6:30 pm.  His departure time, though, varied depending on the project. Plaintiff was never paid at time and one half his regular rate when he worked more than 40 hours a week.

39. During Plaintiff's first 4 weeks of work he was paid in cash by Defendants.

40. After Plaintiff's first 4 weeks of work he was paid by check by Defendants.

41. Upon information and belief, Plaintiff's checks did not accurately reflect his overtime hours worked.

42. During Plaintiff's first 2 weeks of work for Defendants, Sanchez was paid $18 per hour. Plaintiff, though, was not paid correctly for all of his overtime hours worked.

43. From mid-June 2018 through on our about October 2018, Sanchez was paid $23 per hour. Sanchez, though, was not paid correctly for all of his overtime hours worked.

44. From November, 2018 through the end of his employment, Sanchez was paid $25 per hour. Sanchez, though, was not paid correctly for all of his overtime hours worked.

45. Throughout his employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid overtime in compliance with the FLSA and NYLL.

46. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal time tracking method with respect to his hours.

47. Throughout his employment with Defendants, Plaintiff was never provided with any documentation as to the hours he worked.

48. Throughout his employment with Defendants, Plaintiff was never provided with any documentation as to his regular or overtime rates of pay.

**Defendants' Violations of the Wage Theft Protection Act**

49. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

50. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

51. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## COLLECTIVE ACTION ALLEGATIONS

52. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

53. The FLSA Collective consists of approximately 25 similarly situated current and former construction workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

54. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

55. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

56. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

57. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

58. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

59. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### (on behalf of the FLSA Collective )

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

62. At all relevant times throughout Plaintiff's employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

63. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

64. Defendants' decision not to pay overtime to Plaintiff was willful.

65. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
**(On behalf of Plaintiff)**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

68. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

69. Defendants' failure to pay required overtime was willful.

70. As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(On Behalf of Plaintiff)**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

73. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law- Failure to Provide Wage Statements**
**(On Behalf of Plaintiff)**

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

77. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

78. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work week that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, Allwood Construction Inc. and Gotham Drywall Inc. and Niall Rooney and John Fitzpatrick, individually, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For his costs and disbursements of this action, including attorneys' fees and expenses; and

(h) For such other further and different relief as this Court deems just and proper.

Dated:  November 27, 2019
 New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
      Jacob Aronauer (JA: 9184)
      225 Broadway, 3rd Floor
      New York, NY 10007
      Telephone:   (212) 323-6980
      Facsimile:   (212) 233-9238
      jaronauer@aronauerlaw.com

      *Attorney for Plaintiff*