The Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

March 30, 2020

**Via ECF**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Sanchez v. Allwood Construction Inc. et al.*
              19-cv-10998 (KPF)

Dear Judge Failla:

      Plaintiff Salvador Sanchez ("Plaintiff") and Defendants Allwood Construction Inc. and Gotham Drywall Inc. and Niall Rooney and John Fitzpatrick (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed as Exhibit A. The settlement agreement has been signed by all parties.

<strong>Overview</strong>

      Allwood Construction and Gotham Drywall Inc. are construction companies. Niall Rooney is the owner of Allwood Construction Inc. (the "Allwood Defendants") and John Fitzpatrick is the owner of Gotham Drywall Inc. ( the "Gotham Defendants"). It is a dispute between the parties as to whether Plaintiff was jointly employed by both corporate Defendants. The Gotham Defendants assert that the Plaintiff was not employed by the Gotham Defendants. The length of time that Plaintiff worked is also disputed between the parties but there is a general belief that he worked part of 2018 and 2019 as a finish carpenter for at least the Allwood Defendants.

      Plaintiff believes he could recover approximately $40,000 if successful at trial. This amount includes unpaid overtime wages and liquidated damages for the overtime wages purportedly owed.

      In contrast, the Allwood Defendants believed that they complied with all applicable wage and hour laws. The Allwood Defendants further maintained that if a trier of fact were to find that they violated the law, it would be for a significantly smaller amount than claimed by Plaintiff.

## History of Lawsuit

On November 27, 2019, Plaintiff commenced this action against Defendants. Plaintiff sued for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide annual wage notices and wage statements under the NYLL.  Plaintiff filed the lawsuit as a FLSA Collective on behalf of himself and other similarly situated employees' of Defendants.

Following the commencement of this action, Plaintiff engaged in settlement discussions with the Allwood Defendants.  In contrast, the Gotham Defendants denied that they employed Plaintiff and informed Plaintiff that they were going to make a motion to dismiss.  As a result, Plaintiff did not engage in settlement discussions with the Gotham Defendants.

## Fairness and Reasonableness of the Settlement

The settlement sum is $21,000 with $14,000 of the total settlement payable to Plaintiff and $7,000 to Plaintiff's counsel.  The entire $21,000 will be paid by the Allwood Defendants. The retainer agreement called for Plaintiff's counsel to receive 1/3 of any settlement after reimbursement for expenses.  Due to the fact that this matter settled quickly, Plaintiff's counsel will not seek to be reimbursed for expenses.  These expenses included the filing fee ($400) and service on Defendants ($250).  This enables Plaintiff to recover an additional $650.

Thus, Plaintiff's counsel will receive 33.33% of the total settlement amount.  We respectfully submit that this allocation should be approved in this case.  *Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

(1)    the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) *citing Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As for the range of recovery, Plaintiff will receive all of his unpaid overtime. Since the Allwood Defendants argue that Plaintiff worked less than the time frame claimed by Plaintiff, Plaintiff could have recovered significantly less than he will receive under the settlement. In addition, both of the corporate defendants are small family owned businesses. As the Court is undoubtedly aware, Plaintiff risked obtaining an ultimately meaningless verdict. In contrast, if the Court had found that Plaintiff was owed overtime for all of his reported overtime hours worked, Plaintiff's recovery could have been higher than the settlement amount. Furthermore, as noted earlier, Plaintiff filed this lawsuit as a FLSA Collective. Defendants risked additional employees joining this lawsuit and therefore increased exposure. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id. Litigation, which would include deposition preparation, depositions, and trial, would require Plaintiff to miss work. Plaintiff is eager to be made whole, which he arguably will be through this settlement as he recovers all of what he believed to be his unpaid wages. Furthermore, this settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorneys' fees, and relieve Defendants of the burden of further defending a federal court action.

Both sides faced litigation risks by continuing this litigation. Plaintiff possessed limited proof of the hours he worked. Although Plaintiff's testimony is sufficient, the fact finder is not bound by that recollection and could find that Plaintiff worked fewer hours than he alleges. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005)

> Because defendants here did not produce admissible records of the hours plaintiff worked, plaintiff must produce sufficient evidence to show the hours he worked as a matter of just and reasonable inference. Furthermore, it is possible for plaintiff to meet this burden by relying on his recollection alone...") (internal quotations and citations omitted).

By litigating this matter at trial, Defendants risked that a jury would award Plaintiff's overtime pay for the entirety of his reported overtime hours worked, as well as liquidated damages, damages under Sections 195(1) and 195(3) of the NYLL, substantial attorneys' fees, and prejudgment interest. Furthermore, even with a favorable outcome at trial, Plaintiff would still be faced with the possibility of an empty judgment. The agreed upon settlement allows each side to avoid these risks while also making Plaintiff whole.

### Work Performed by Plaintiff's Counsel

While the case settled prior to Defendants' filing an answer or a motion to dismiss, Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff and diligently researched the corporate Defendants' businesses, as well as the overall strength of Plaintiff's claims. Plaintiff's counsel also drafted damages spreadsheets setting forth the avenues of potential recovery and examined documents provided by Plaintiff.

### Attorneys' Fees and Counsel's Qualifications

Plaintiff's retainer agreement with the undersigned counsel provides for a contingency fee of one-third of any settlement reached, exclusive of costs and disbursements. Here, Plaintiff's counsel seeks the amount of 33.33%, not inclusive of expenses. Courts regularly approve attorneys' fees of one-third of the settlement amount in non-class FLSA cases. *See Karic v. Major Automotive Companies, Inc.*, 2016 WL 1745037 at *8 (E.D.N.Y. Apr. 27, 2016) *(citing cases)*. Thus, Plaintiff's counsel is seeking less attorney fees than he is arguably entitled.

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018 and 2019, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is $350 an hour. This hourly rate was recently approved by Magistrate Fox in *Thomas v. River Greene Constr. Grp. LLC*, 2019 U.S. Dist. LEXIS 186576, at * 10-11 (S.D.N.Y. Oct. 25, 2019) Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour.[1]

### Conclusion

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. The parties jointly request that the Court approved the settlement agreement. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

---

[1] Plaintiff's counsel will provide time records and expenses *ex parte* for in camera review at the Court's request, if considered necessary.

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
   *All attorneys on record*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SALVADOR SANCHEZ, on behalf of himself and all
others similarly situated,

                    Plaintiff,

       -against-

ALLWOOD CONSTRUCTION INC. and GOTHAM
DRYWALL INC. and NIALL ROONEY and JOHN
FITZPATRICK, individually,

                    Defendants.

-------------------------------------------------------------------X

**Case No.:**
**19-cv-10998-KPF**

**SETTLEMENT AGREEMENT**
**AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made this day of March 30, 2020, by and between Plaintiff SALVADOR SANCHEZ ("Plaintiff") and Defendants ALLWOOD CONSTRUCTION INC. and GOTHAM DRYWALL INC. and NIALL ROONEY and JOHN FITZPATRICK, individually, (collectively, "Defendants"). Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

## RECITALS

**WHEREAS**, on or about November 27, 2019, the named Plaintiff filed a collective action Complaint in the United States District Court for the Southern District of New York (the "Lawsuit"), such case being styled *ALLWOOD CONSTRUCTION INC. and Niall Rooney (the "Allwood Defendants")and GOTHAM DRYWALL INC. and JOHN FITZPATRICK (the "Gotham Defendants") (collectively "Defendants")* pursuant to the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.C.S § 216(b), to remedy violations of unpaid overtime.

**WHEREAS**, Plaintiff has agreed to settle his claims; and

**WHEREAS**, no Court has considered or determined the claims presented; and

**WHEREAS**, Defendants deny Plaintiff's allegations in their entirety and neither admit nor concede any wrongdoing, liability or damages with respect to Plaintiff's allegations; and

WHEREAS, Plaintiff and Defendants desire to resolve and settle all of their respective claims against the other that were or could have been raised in the Lawsuit, without further litigation or adjudication; and

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, Plaintiff and Defendants agree as follows:

## AGREEMENT

1.    **Consideration.**    Plaintiff and the Allwood Defendants are entering into this Agreement and Release in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 3 of this Settlement Agreement.

The Gotham Defendants .are not required for any payment to Plaintiff pursuant to this Settlement Agreement.

2.    **Settlement Compensation.**    As full settlement and final satisfaction of the claims raised in the Lawsuit, and in consideration for the agreements and obligations set forth in this Agreement, including but not limited to, the release by Plaintiff set forth in Paragraph 9, the Allwood Defendants shall pay Plaintiff the total sum of $21,000.00 ("Settlement Amount"), payable as follows:

   (a)    Within 15 days of the Court's approval of the Parties' Agreement and dismissal of the Lawsuit with prejudice, Defendants Allwood Construction Inc. and Niall Rooney shall pay to Plaintiff the sum of $21,000.00, made payable to Plaintiff and Plaintiff's lawyers via two checks in the following manner: one check to Plaintiff in the amount of $14,000.00 and one check to The Law Offices of Jacob Aronauer in the amount of $7,000.

   (b)    Without limiting the terms of this Agreement, the Parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against Defendants by Plaintiff, including, but not limited to, claims for attorneys' fees, disbursements and costs. Plaintiff expressly directs the Allwood Defendants to make the Settlement Payments, as detailed above, to his legal counsel, acknowledges that receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by Plaintiff and agrees that the Settlement Payments constitute an accord and satisfaction; and

(c)    Plaintiff further agrees that, upon receipt of the payments stated above, Plaintiff will not file a subsequent lawsuit or claim against Defendants pertaining to all claims for minimum wages, overtime pay, spread of hours pay, and gratuities. Plaintiff will be materially breaching this Agreement if he files a subsequent lawsuit or any other claim against Defendants stating that he has not been paid the minimum wages, overtime pay, spread of hours pay and/or gratuities for any work he performed for Defendants during the period encompassing his entire employment with Defendants.

**Penalty for Non-Payment.**  The Allwood Defendants agree that the payment set forth in Paragraph 3 is due in a timely manner. If Defendants do not make a payment to Plaintiff in a timely manner, then Plaintiff's attorney will send a Notice to Cure to the Allwood Defendants' counsel Elias Sayegh via email at elias@sayeghandsayeghlaw.com. If the Allwood Defendants' do not make the payment to Plaintiff within seven calendar days thereafter, the Allwood Defendants' will be considered in default of this Agreement.  In the event that the Allwood Defendants fail to make payment, Plaintiff will be entitled to reasonable attorney fees solely from the Allwood Defendants with respect to the enforcement of this Agreement.

4.    **Delivery.** All checks set forth in Paragraph 3 shall be sent to Plaintiff's counsel, Jacob Aronauer, Esq., at the following address:

THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007.

5.    **Full Payment.**  Plaintiff agrees and affirms that the payments described in Paragraph 3 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel in connection with the resolution of the Lawsuit. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of Defendants as alleged in the Lawsuit, including any claims for unpaid overtime wages and gratuities under state, federal or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

6.    **Taxes and Withholding.** If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 3 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to him individually or on his behalf, and shall protect, indemnify and hold harmless Defendants from any tax payment, interest, attorney's fees and penalties attributable to Plaintiff.

3

7.    **Release of Claims.**  In consideration of the payment to Plaintiff by the Allwood Defendants' of the total gross sum of $21,000, Plaintiff, for himself, his heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through his, forever waive any wage and hour claims under the FLSA and NYLL against Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy of and from any and all claims that were brought under the FLSA and NYLL and supporting New York regulations ("Released Claims").

Allwood Defendants likewise knowingly and voluntarily waive, release and discharge, jointly and severally, Plaintiff of and all claims they may have against Plaintiff.

8.    **Submission to Court for Approval and Purposes of Dismissing the Action with Prejudice**

a.    Plaintiff agrees to the dismissal of the Lawsuit with prejudice, subject only to the Allwood Defendants' satisfaction of all their obligations under this Agreement. Notwithstanding the foregoing, Plaintiff agrees to the dismissal of the Lawsuit with prejudice as to defendants Gotham Drywall Inc. and John Fitzpatrick.

b.    The Parties intend for Plaintiff to waive the Released Claims, and therefore desire that this Agreement be approved by the Court in which the Lawsuit is pending. Accordingly, the Parties agree that Plaintiff shall move for the Court's approval after full execution of this Agreement.

c.    Upon payment by the Allwood Defendants, counsel for the Parties agree to promptly execute the Stipulation and Order of Dismissal with Prejudice, annexed to the proposed settlement agreement.  Defendants will hold the stipulation of dismissal in escrow until payment is made by the Allwood Defendants.

d.    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 3 of the Agreement, and the release in Paragraph 9 shall be ineffective and unenforceable. Further, should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on the date this Agreement was submitted to the Court for approval.

4

9.    **Other Claims.**    Plaintiff represents that, other than the Lawsuit, he does not currently have pending before any court (United States or foreign) or before any federal, state, or local governmental agency (United States or foreign) any dispute of any kind against Defendants, either individually or jointly.  Plaintiff further represents  that he is not aware of any other claims he may potentially have against Defendants.

10.    **Remedy for Breach.**    The Parties agree that the Court shall retain jurisdiction in the event of any alleged breach of this Agreement.

11.    **Construction.**    The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

12.    **Governing Law and Interpretation.**    This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to its conflict of laws principles.

13.    **Assignment of Claims.**    Plaintiff represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released in this Agreement.

14.    **Exclusive Jurisdiction.**    Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to the Federal District Court for the Southern District of New York, which shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of said Court.

15.    **No Admission of Liability.**    Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

16.    **Bona Fide Dispute.**    This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his claims and that the Settlement Amount being paid to Plaintiff, as indicated in Paragraph 3, is a fair and reasonable resolution to this *bona fide* dispute.

17.   **Advice of counsel.**  All Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.

18.   **Voluntary Agreement.**  Plaintiff represents and agrees that:

   (a)    He is not suffering from any impairment that would render his incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him by his attorney;

   (b)    He acknowledges that he has received a copy of this Agreement in his regularly spoken language and/or that Plaintiff's counsel has translated the Agreement to him;

   (c)    He signed this Agreement freely and voluntarily and without duress;

   (d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by Defendants or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

   (e)    He has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

19.   **Full and Complete Agreement.**  This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the Parties, pertaining to the subject matter covered by this Agreement.

20.   **Amendment.**  This Agreement may not be modified, altered, or changed except upon the express, written consent of all Parties, or their designees, which includes specific reference to this Agreement.

21.   **Severability.**  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

22.   **Section Headings.**  The section headings in this Agreement are solely for the convenience of the Parties and shall not in any way modify any of the terms, or the interpretation thereof, of this Agreement.

23.    **Waiver.**  No provision in this Agreement may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

24.    **Fair Meaning.**  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

25.    **Social Media.**  Plaintiff agrees not to voluntarily disclose the terms of this Agreement.  This means that Plaintiff will not initiate conversation with any individual(s) about the Agreement.  Plaintiff and his counsel further agree not to discuss the Agreement on any form of social media which includes, but is not limited to, Facebook, Twitter or Instagram.

26.    **Counterparts.**  This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

27.    **Facsimile/Email.**  An executed facsimile or e-mail copy of this Agreement shall have the same force and effect as the original.

28.    **Notices.**  With the exception of the communication outlined in paragraph 4 of this Agreement, any other notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | | |
|---|---|---|---|
| Plaintiff | Jacob Aronauer, Esq.<br>THE LAW OFFICES OF JACOB<br>ARONAUER<br>225 Broadway, 3rd Floor<br>New York, New York 10007<br>Tel. No. (212) 323-6980<br>jaronauer@aronauerlaw.com | | |

7

| Defendants | Arthur J. Semetis, Esq<br>Arthur J. Semetis, P.C.<br>286 Madison Avenue, Suite 1801<br>New York, New York 10017<br>Tel: (212) 557-5055<br>asemetis@semetislaw.com<br>*Attorneys for Gotham Drywall Inc.*<br>*And John Fitzpatrick* | |
| Defendants | Elias James Sayegh, Esq.<br>Sayegh & Sayegh, P.C.<br>615 Yonkers Avenue<br>Yonkers, New York 10704<br>Tel. No. (914) 968-5800<br>elias@sayeghandsayeghlaw.com<br><u>*Attorneys for Allwood Construction*</u><br><u>*Inc. and Niall Rooney*</u> | |

29.    **Authority to Execute Agreement.**  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**PLAINTIFF ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, AND THAT HE CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The Parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

**AGREED:**

**SALVADOR SANCHEZ**                          **ALLWOOD CONSTRUCTION INC.**

By: Salvador Sanchez              By: _____
　　SALVADOR SANCHEZ                          NIALL ROONEY

Dated: 3 – 26 – 2020              Dated: _____

**GOTHAM DRYWALL INC.**                       **NIALL ROONEY**

By: _____       By: _____
　　JOHN FITZPATRICK                          NIALL ROONEY

Dated: _____     Dated: _____

**JOHN FITZPATRICK**

By: _____
　　JOHN FITZPATRICK

Dated: _____

9

**AGREED:**

**SALVADOR SANCHEZ**

By: _____
      SALVADOR SANCHEZ

Dated: _____

**GOTHAM DRYWALL INC.**

By: _____
      JOHN FITZPATRICK

Dated: 3/30/20

**JOHN FITZPATRICK**

By: _____
      JOHN FITZPATRICK

Dated: 3/30/20

**ALLWOOD CONSTRUCTION INC.**

By: _____
      NIALL ROONEY

Dated: 3/26/2020

**NIALL ROONEY**

By: _____
      NIALL ROONEY

Dated: 3/26/2020

9

## SCHEDULE "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SALVADOR SANCHEZ, on behalf of himself and all
others similarly situated,

                        Plaintiff,

        -against-

ALLWOOD CONSTRUCTION INC. and GOTHAM
DRYWALL INC. and NIALL ROONEY and JOHN
FITZPATRICK, individually,

                     Defendants.
-------------------------------------------------------------------X

**Docket No.:**
**19-cv-10998 (KPF)**

**STIPULATED ORDER OF**
**DISMISSAL WITH**
**PREJUDICE**

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, **AND SO-ORDERED BY THE COURT,** that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), without costs to any party or against any other. This Stipulation may be filed without further notice with the Clerk of the Court. The Court shall retain jurisdiction over this action with respect to enforcement of the parties' settlement agreement.

This Stipulation shall not be in effect until executed by all parties set forth herein.

THE LAW OFFICES OF JACOB ARONAUER
*Attorneys for Plaintiff*
225 Broadway, 3rd Floor
New York, New York 10007

By: _____
        Jacob Aronauer, Esq.

Dated: _____, 2020


ARTHUR J. SEMETIS, P.C.
*Attorneys for Gotham Drywall Inc.*
*And John Fitzpatrick*
286 Madison Avenue, Suite 1801
New York, New York 10017

By: _____
        Arthur J. Semetis, Esq.

Dated: _____, 2020

SAYEGH & SAYEGH, P.C.
*Attorneys for Allwood Construction Inc.*
*and Niall Rooney*
615 Yonkers Avenue
Yonkers, New York 10704

By: _____
        Elias James Sayegh, Esq.

Dated: _____, 2020


**SO ORDERED:**


Dated: _____, 2020
        New York, New York

_____
Hon. Katherine Polk Failla, U.S.D.J.

2