The Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

March 30, 2020

**Via ECF**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> **MEMO ENDORSED**

    Re:    *Sanchez v. Allwood Construction Inc. et al.*
           19-cv-10998 (KPF)

Dear Judge Failla:

    Plaintiff Salvador Sanchez ("Plaintiff") and Defendants Allwood Construction Inc. and Gotham Drywall Inc. and Niall Rooney and John Fitzpatrick (collectively "Defendants") request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed as Exhibit A. The settlement agreement has been signed by all parties.

**Overview**

    Allwood Construction and Gotham Drywall Inc. are construction companies. Niall Rooney is the owner of Allwood Construction Inc. (the "Allwood Defendants") and John Fitzpatrick is the owner of Gotham Drywall Inc. ( the "Gotham Defendants"). It is a dispute between the parties as to whether Plaintiff was jointly employed by both corporate Defendants. The Gotham Defendants assert that the Plaintiff was not employed by the Gotham Defendants. The length of time that Plaintiff worked is also disputed between the parties but there is a general belief that he worked part of 2018 and 2019 as a finish carpenter for at least the Allwood Defendants.

    Plaintiff believes he could recover approximately $40,000 if successful at trial. This amount includes unpaid overtime wages and liquidated damages for the overtime wages purportedly owed.

    In contrast, the Allwood Defendants believed that they complied with all applicable wage and hour laws. The Allwood Defendants further maintained that if a trier of fact were to find that they violated the law, it would be for a significantly smaller amount than claimed by Plaintiff.

## History of Lawsuit

On November 27, 2019, Plaintiff commenced this action against Defendants. Plaintiff sued for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as failure to provide annual wage notices and wage statements under the NYLL. Plaintiff filed the lawsuit as a FLSA Collective on behalf of himself and other similarly situated employees' of Defendants.

Following the commencement of this action, Plaintiff engaged in settlement discussions with the Allwood Defendants. In contrast, the Gotham Defendants denied that they employed Plaintiff and informed Plaintiff that they were going to make a motion to dismiss. As a result, Plaintiff did not engage in settlement discussions with the Gotham Defendants.

## Fairness and Reasonableness of the Settlement

The settlement sum is $21,000 with $14,000 of the total settlement payable to Plaintiff and $7,000 to Plaintiff's counsel. The entire $21,000 will be paid by the Allwood Defendants. The retainer agreement called for Plaintiff's counsel to receive 1/3 of any settlement after reimbursement for expenses. Due to the fact that this matter settled quickly, Plaintiff's counsel will not seek to be reimbursed for expenses. These expenses included the filing fee ($400) and service on Defendants ($250). This enables Plaintiff to recover an additional $650.

Thus, Plaintiff's counsel will receive 33.33% of the total settlement amount. We respectfully submit that this allocation should be approved in this case. *Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13, 2018); *see also, Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229, 239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.
>
> *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) *citing Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

2

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." Id. As for the range of recovery, Plaintiff will receive all of his unpaid overtime. Since the Allwood Defendants argue that Plaintiff worked less than the time frame claimed by Plaintiff, Plaintiff could have recovered significantly less than he will receive under the settlement. In addition, both of the corporate defendants are small family owned businesses. As the Court is undoubtedly aware, Plaintiff risked obtaining an ultimately meaningless verdict. In contrast, if the Court had found that Plaintiff was owed overtime for all of his reported overtime hours worked, Plaintiff's recovery could have been higher than the settlement amount. Furthermore, as noted earlier, Plaintiff filed this lawsuit as a FLSA Collective. Defendants risked additional employees joining this lawsuit and therefore increased exposure. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." Id. Litigation, which would include deposition preparation, depositions, and trial, would require Plaintiff to miss work. Plaintiff is eager to be made whole, which he arguably will be through this settlement as he recovers all of what he believed to be his unpaid wages. Furthermore, this settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorneys' fees, and relieve Defendants of the burden of further defending a federal court action.

Both sides faced litigation risks by continuing this litigation. Plaintiff possessed limited proof of the hours he worked. Although Plaintiff's testimony is sufficient, the fact finder is not bound by that recollection and could find that Plaintiff worked fewer hours than he alleges. *See Doo Nam Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005)

> Because defendants here did not produce admissible records of the hours plaintiff worked, plaintiff must produce sufficient evidence to show the hours he worked as a matter of just and reasonable inference. Furthermore, it is possible for plaintiff to meet this burden by relying on his recollection alone...") (internal quotations and citations omitted).

By litigating this matter at trial, Defendants risked that a jury would award Plaintiff's overtime pay for the entirety of his reported overtime hours worked, as well as liquidated damages, damages under Sections 195(1) and 195(3) of the NYLL, substantial attorneys' fees, and prejudgment interest. Furthermore, even with a favorable outcome at trial, Plaintiff would still be faced with the possibility of an empty judgment. The agreed upon settlement allows each side to avoid these risks while also making Plaintiff whole.

### Work Performed by Plaintiff's Counsel

While the case settled prior to Defendants' filing an answer or a motion to dismiss, Plaintiff's counsel performed critical work. Plaintiff's counsel met with Plaintiff and diligently researched the corporate Defendants' businesses, as well as the overall strength of Plaintiff's claims. Plaintiff's counsel also drafted damages spreadsheets setting forth the avenues of potential recovery and examined documents provided by Plaintiff.

3

### **Attorneys' Fees and Counsel's Qualifications**

Plaintiff's retainer agreement with the undersigned counsel provides for a contingency fee of one-third of any settlement reached, exclusive of costs and disbursements. Here, Plaintiff's counsel seeks the amount of 33.33%, not inclusive of expenses. Courts regularly approve attorneys' fees of one-third of the settlement amount in non-class FLSA cases. *See Karic v. Major Automotive Companies, Inc.*, 2016 WL 1745037 at *8 (E.D.N.Y. Apr. 27, 2016) (*citing cases*). Thus, Plaintiff's counsel is seeking less attorney fees than he is arguably entitled.

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. Mr. Aronauer has handled close to 100 wage and hour matters. In 2018 and 2019, Mr. Aronauer was voted a "Rising Star" in the New York area by Super Lawyers. Mr. Aronauer's hourly rate is $350 an hour. This hourly rate was recently approved by Magistrate Fox in *Thomas v. River Greene Constr. Grp. LLC*, 2019 U.S. Dist. LEXIS 186576, at * 10-11 (S.D.N.Y. Oct. 25, 2019) Paralegals in this case employed by Mr. Aronauer's firm charged $150 per hour.[1]

### **Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. The parties jointly request that the Court approved the settlement agreement. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

---

[1] Plaintiff's counsel will provide time records and expenses *ex parte* for in camera review at the Court's request, if considered necessary.

                                            Respectfully submitted,

                                            Jacob Aronauer
                                            *Attorney for Plaintiff*

    cc:  **Via ECF**
          *All attorneys on record*

The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, *see, e.g., Cheeks* v. *Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and has concluded that the terms are fair and reasonable.  It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorney and paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.  The Court will so-order separately the stipulation of dismissal submitted by Plaintiff **once a signed copy is submitted to the Court.**

Dated:    March 30, 2020                SO ORDERED.
            New York, New York

                                            HON. KATHERINE POLK FAILLA
                                            UNITED STATES DISTRICT JUDGE